IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

       Plaintiff,               No. CIV S-10-2948 JAM DAD PS

   v.

PLUMAS COUNTY,

                         ORDER

       Defendant.

_____/

       The pro se plaintiff in this action has filed a second motion for an injunction and has improperly noticed the motion for hearing on January 21, 2010, at 11:00 a.m.  As was the case with plaintiff's first motion for injunction, the second motion does not include a brief on the relevant legal issues or proper affidavits in support of the motion, including an affidavit addressing the question of irreparable injury.  See Local Rule 231.  Although the second motion is titled "Motion for Temporary Injunction," plaintiff again seeks an order that constitutes permanent relief.  Plaintiff's second motion for injunction will be denied and will not be placed on the court's calendar.  Plaintiff is cautioned that the filing of a third motion similar to the two already denied by the court may result in an order imposing an appropriate sanction.

       Also before the court is plaintiff's request for the Clerk's signature on five subpoenas completed by plaintiff.  Plaintiff's submission of completed subpoenas does not

comply with the requirements of Federal Rule of Civil Procedure 45 and his request for issuance

of the subpoenas will therefore be denied.  The court notes that the subpoenas are directed to five

non-parties and would require them to appear in court to testify at the January 21, 2011 hearing

on defendant Plumas County's motions to dismiss and to declare plaintiff a vexatious litigant.

Plaintiff is advised that the issuance of such subpoenas would be improper because no testimony

will be taken and no documents will be entered into evidence at the hearing on defendant's

motions.  The hearing will be limited to a reasonable amount of appropriate argument related

solely to defendant's properly noticed motions.  The only persons who will be heard are

defendant's counsel and the pro se plaintiff.

        Accordingly, IT IS ORDERED that:

        1.  Plaintiff's December 20, 2010 request for issuance of subpoenas (Doc. No. 18)

is denied, and any party or non-party who is served with a subpoena for the hearing in this matter

on January 21, 2011, will not be required to comply with the subpoena, since testimony will not

be taken and documentary evidence will not be accepted at the hearing.

        2.  Plaintiff's December 22, 2010 motion for temporary injunction (Doc. No. 20)

is denied as premature and for failure to comply with Local Rule 231, and the motion will not be

placed on the court's January 21, 2011 law and motion calendar.

DATED: December 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
robinson2948.ord.den.subpoenas

2