IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

        Plaintiff,                  No. CIV S-10-2948 JAM DAD PS

    v.

PLUMAS COUNTY,

        Defendant.             ORDER

_____/

        On January 3, 2011, plaintiff filed a motion to recuse the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1). Plaintiff has attempted to notice the motion for hearing on January 21, 2011, which does not provide sufficient notice under Local Rule 230. Plaintiff also estimates that his motion will require three hours of argument. (Pl.'s Mot. to Recuse (Doc. No. 23) at 1.)

        The decision regarding disqualification of a judge is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). A judge is required to disqualify himself from a case if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1).

/////

1

Rulings made during the course of a judicial proceeding that are unfavorable to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the ruling or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554 (1994). The same standard applies to remarks made during the course of a judicial proceeding. Id. Thus, where the source of alleged bias or prejudice is a judicial proceeding, a litigant seeking recusal must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551. Put another way, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

Here, plaintiff contends that the magistrate judge assigned to this case must be recused "because his ability to be impartial is questionable due to a professional [sic] bias and prejudice concerning both parties." (Doc. No. 23 at 1.) Plaintiff asserts that the undersigned obstructed justice through "flawed and incomplete" analysis in findings and recommendations issued in Robinson v. California State, et al., CIV S-04-1888 GEB DAD PS, a previous case brought by plaintiff against defendant Plumas County. The findings and recommendations issued by the undersigned in case No. CIV S-04-1888 on November 8, 2004, and October 24, 2005, were adopted by the assigned district judge, and the decisions of the district judge were affirmed on appeal in 2007.

Adverse rulings by the undersigned in a prior case litigated by plaintiff do not comprise an adequate basis for recusal. See Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Plaintiff's arguments also fail to support a claim of bias or partiality because they do not reveal an extrajudicial source for any decision and do not reflect an extreme disposition or deep-seated antagonism, nor any animosity, partiality, or inability to

1  render a fair judgment in this case.  The undersigned has no bias or prejudice against the parties
2  in this action.  The court hears hundreds of pro se actions every year, maintains impartiality in all
3  such cases, and will continue to do so.  No reasonable person with knowledge of all the relevant
4  facts and law would conclude that the undersigned's impartiality might reasonably be questioned
5  in this case.

6         Accordingly, IT IS ORDERED that plaintiff's January 3, 2011 motion to recuse
7  (Doc. No. 23) is denied and will not be placed on the court's calendar for hearing on January 21,
8  2011, or on a date that would comply with the notice requirements of Local Rule 230.

9  DATED: January 17, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\robinson2948.mot.recuse