IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

      Plaintiff,              No. CIV S-10-2948 JAM DAD PS

  v.

PLUMAS COUNTY,              <u>ORDER AND</u>

      Defendant.        <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      This case came before the court on January 21, 2011, for hearing of defendant's motions to dismiss plaintiff's complaint and to declare plaintiff a vexatious litigant. Kristina M. Hall, Esq. appeared for the moving party. Plaintiff, proceeding pro se, appeared on his own behalf. Oral argument was heard, and the motions were taken under submission.

      Upon consideration of all written materials filed in connection with defendant's motions, the parties' arguments at the hearing, and the entire file, the undersigned recommends that defendant's motion to dismiss be granted and defendant's motion to declare plaintiff a vexatious litigant be denied without prejudice.

BACKGROUND

      Plaintiff commenced this action by filing a complaint in this court on November 2, 2010. (Doc. No. 1.) Plaintiff paid the required filing fee, and a summons was issued as to

1  defendant Plumas County.  On December 7, 2010, defendant filed the motions now before the

2  court.  (Doc. Nos. 9 & 10.)  Plaintiff filed timely opposition to defendant's motion to dismiss but

3  did not file opposition to defendant's motion to declare plaintiff a vexatious litigant.  (Doc. No.

4  21.)  On January 14, 2011, defendant filed a reply to plaintiff's opposition (Doc. No. 24) and a

5  separate reply regarding plaintiff's failure to respond to the motion to declare him a vexatious

6  litigant.  (Doc. No. 25.)

7            On various dates prior to the hearing of defendant's motions on January 21, 2011,

8  plaintiff filed various motions.  Those motions filed by plaintiff included:  a motion for

9  injunction (Doc. No. 6), which was denied by order filed December 13, 2010 (Doc. No. 14.); a

10  motion for issuance of subpoenas (Doc. No. 18) and a motion for temporary injunction (Doc. No.

11  20), both of which were denied by order filed December 23, 2010 (Doc. No. 22); and a motion to

12  recuse the assigned magistrate judge (Doc. No. 23), which was denied by order filed January 18,

13  2011 (Doc. No. 26).

14            After the hearing of defendant's motions on January 21, 2011, plaintiff filed a

15  motion for sanctions (Doc. No. 28), which was denied by order filed April 29, 2011 (Doc. No.

16  29); and two motions for an expedited ruling on defendant's motion to dismiss (Doc. Nos. 31 &

17  32), which were denied by order filed June 17, 2011 (Doc. No. 37).

18                              PLAINTIFF'S CLAIMS

19            Plaintiff alleges that his suit against Plumas County arises under the Fifth, Sixth,

20  Ninth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§

21  1983, 1985 and 1988.  (Compl. (Doc. No. 1) at 1.)  Plaintiff asserts jurisdiction predicated on 28

22  U.S.C. §§ 1331 and 1343, 18 U.S.C. §§ 241 and 242, and 42 U.S.C. § 14141.  (Id.)

23            Plaintiff's single cause of action is that defendant Plumas County has had a

24  practice and policy of violating plaintiff's constitutional rights since September of 2000 when the

25  practice and policy commenced with the criminal prosecution of plaintiff in Plumas County case

26  00-26978.  Plaintiff alleges in a highly conclusory manner that this practice and policy caused

1   county officers and employees acting under color of state law to violate plaintiff's constitutional

2   rights in case 00-26978, that the practice and policy has continued to cause county officers and

3   employees to violate plaintiff's constitutional rights without interruption for the past decade, and

4   that the practice and policy will continue to cause county officers and employees to violate

5   plaintiff's constitutional rights into the future, absent a meaningful remedy.  (Id. at 1-2.)

6          Plaintiff alleges virtually no facts in his brief two-page complaint but rather cites

7   documents attached thereto and asserts that proof is available on his website.  (Id. at 2.)  Plaintiff

8   seeks damages in the amount of $6,700,000 for pain, suffering, humiliation, emotional distress,

9   and financial loss allegedly arising from defendant's alleged practice and policy of violating his

10   rights, including his wrongful conviction in both 2000 and 2001, his wrongful imprisonment

11   from 2001 to 2003, violation of due process with respect to complaints made by plaintiff from

12   2004 to 2007, violation of due process with respect to complaints made by plaintiff in 2010, and

13   abridgement of his right to petition in 2010.  In addition, plaintiff seeks a permanent injunction

14   against defendant's officers and employees ordering them not to violate plaintiff's constitutional

15   rights in the future.  (Id.)

16          Attached to plaintiff's complaint are (1) a request for judicial notice that does not

17   seek notice of judicially noticeable matters; (2) lengthy witness lists; (3) a declaration in which

18   plaintiff addresses at length his state court criminal proceedings, his first civil suit (CIV S-04-

19   1888 GEB DAD), and various events that occurred on unspecified dates; (4) an "affidavit" in

20   which plaintiff sets forth 383 numbered sentences concerning his arrest, trial, post-trial

21   proceedings, civil suits filed in this court, and complaints submitted to Plumas County and

22   others.[1]  (Id. at 3-29.)

23

24       [1]  In plaintiff's first lawsuit filed in this court, he was advised that one of his amended
complaints failed to give fair notice and state the elements of the claims plainly and succinctly

25   and that his "24-page, 593-paragraph declaration does not amount to a short and plain statement
of a claim" and would not have saved the amended complaint under consideration.  (Order filed

26   June 30, 2005 in Case No. 2:04-cv-01888-GEB-DAD PS (Doc. No. 61) at 4-5 & n.4.)

1    DEFENDANT'S MOTION TO DISMISS

2           Defendant seeks dismissal of plaintiff's complaint pursuant to Federal Rule of

3    Civil Procedure 12(b)(6).

4    I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

5           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6    sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

7    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8    sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

9    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A

11   defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

12   plaintiff's claims, even if the plaintiff's allegations are true.

13          In determining whether a complaint states a claim on which relief may be granted,

14   the general rule is that the court accepts as true the allegations in the complaint and construes the

15   allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69,

16   73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need

17   not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining

18   Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material

19   which is properly submitted as part of the complaint, documents not physically attached to the

20   complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on

21   them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.

22   2001).  Pro se complaints may be held to less stringent standards than formal pleadings drafted

23   by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

24   II.  The Parties' Arguments

25          Defendant seeks dismissal of plaintiff's complaint on two grounds.  First,

26   defendant contends that plaintiff's claims are barred by the doctrine of res judicata/claim

4

preclusion because there is an identity of claims between this lawsuit and prior lawsuits filed by plaintiff against defendant Plumas County, plaintiff's prior lawsuits against the County and its employees were subject to final judgment on the merits, and there is privity between the parties in this case and the parties in the prior lawsuits filed by plaintiff.  Second, defendant argues that plaintiff's claims in this lawsuit are barred by the doctrine of collateral estoppel/issue preclusion. (Def't's Mot. to Dismiss (Doc. No. 9-1) at 1.)

Defendant states that this is the fourth lawsuit filed by plaintiff based on the same set of facts and circumstances, i.e., that his civil rights were violated as a result of being prosecuted and convicted in state court.  (Def's Mem. of P. & A. (Doc. No. 9) at 1.)  The three previous lawsuits are (1) Robinson v. California, et al., No. CIV S-04-1888 GEB DAD PS, filed September 10, 2004 against Plumas County, Plumas County District Attorney Cunan, and others; (2) Robinson v. Cunan, No. 2:09-cv-3045 GEB KJN PS, filed November 4, 2009 against Plumas County District Attorney Cunan; and (3) Robinson v. Cunan, No. 2:10-cv-2464 MCE JFM PS, filed September 13, 2010 against Plumas County District Attorney Cunan.  (Id. at 2-3.)

Defendant argues that all four of plaintiff's lawsuits filed in this court are based on the same facts and are therefore clearly barred by the doctrines of res judicata/claim preclusion and collateral estoppel/issue preclusion as a matter of law.  Defendant observes that the findings and recommendations issued in plaintiff's second lawsuit – which were adopted in full – found that suit completely barred based on res judicata/claim preclusion because plaintiff had the opportunity to present all claims when he filed his first action in federal court.  (Id. at 3.)

Defendant requests that the court take judicial notice of copies of the following documents filed in this court:

(1) **Case No. CIV S-04-1888 GEB DAD PS**

– Findings and Recommendations filed October 24, 2005, recommending that defendant's motion to dismiss be granted as to defendants Plumas County and Jeff Cunan without leave to amend (Doc. No. 82);

/////

1    – Order filed November 22, 2005, adopting the findings and
     recommendations (Doc. No. 85);

2
     – Judgment entered for defendants (Doc. No. 86);

3
     – Judgment of the United States Court of Appeals for the Ninth
4    Circuit filed May 18, 2007, and Memorandum filed February 28,
     2007, affirming the district court's dismissal of plaintiff's
5    complaint (Doc. No. 99) ("The district court also properly
     concluded Robinson failed to adequately allege . . . that Plumas
6    county maintained a policy or custom of violating civil rights.").

7        **(2)  Case No. 2:09-cv-3045 GEB KJM PS**

8    – Findings and Recommendations filed March 17, 2010,
     recommending that defendant's motion to dismiss be granted
9    without leave to amend (Doc. No. 14);

10   – Plaintiff's Notice of Appeal filed April 20, 2010 (Doc. No. 15);

11   – Order filed May 10, 2010, adopting the findings and
     recommendations and dismissing the action with prejudice (Doc
12   No. 17);

13   – Judgment entered for defendant on May 10, 2010 (Doc. No. 18);

14   – Order of the Court of Appeals filed August 25, 2010, dismissing
     plaintiff's appeal for lack of jurisdiction because his April 20, 2010
15   notice of appeal was premature and his July 6, 2010 notice of
     appeal was not filed within 30 days after the district court's
16   judgment was entered on May 10, 2010 (Doc. No. 23).

17   Defendant argues that these documents clearly establish that plaintiff previously brought these

18   same claims against defendant in his prior lawsuits filed in this court.

19          In opposition to defendant's motion to dismiss, plaintiff argues that "the issues of

20   law and fact presented in this action have not been decided, and Plaintiff has the absolute right to

21   a remedy." (Pl.'s Opposition to Mot. to Dismiss (Doc. No. 21), at 1.)  Plaintiff describes the

22   undecided issue of law as whether defendant Plumas County is liable under 42 U.S.C. § 1983 for

23   a practice and/or policy that causes the violation of a constitutional right and consequent

24   damages.  (Id.)  Plaintiff believes that he did not claim in case No. CIV S-04-1888 GEB DAD

25   that defendant's practice or policy caused the injuries suffered by plaintiff and the court therein

26   merely decided that defendant was not liable under a theory of respondeat superior.  (Id. at 2.)

6

1    In reply, defendant argues that basic principles of res judicata dictate that a

2  plaintiff cannot use a subsequent lawsuit to attack a judgment obtained against him in a prior

3  case.  Defendant views plaintiff opposition as an attempt to "plead around" principles of res

4  judicata and collateral estoppel by asserting that he essentially seeks declaratory relief and an

5  injunction barring his prosecution for future criminal activity.  Defendant also disputes plaintiff's

6  characterization of his complaint in this case and argues that the issue of municipal liability is not

7  new, as plaintiff claims, but was addressed and rejected in plaintiff's first action.  Defendant

8  offers the following excerpt from the findings and recommendations filed October 24, 2005, in

9  plaintiff's first lawsuit against Plumas County and District Attorney Jeff Cunan:

10           Finally, as to defendant Plumas County the second amended
             complaint still fails to sufficiently allege a claim of municipal
11           liability arising from any policy of Plumas County.  In this regard,
             plaintiff has again failed to even allege in conclusory fashion that
12           the injury complained of was the consequence "of a government's
             policy or custom, whether made by its lawmakers or by those
13           whose edicts or acts may fairly be said to represent official policy
             . . . ."  Each of these deficiencies also existed in the amended
14           complaint and plaintiff has been unable to correct them.

15  (Def.'s Reply (Doc. No. 24) at 2 (quoting from Findings & Recommendations (Doc. No. 82) in

16  Case 2:04-cv-01888-GEB-DAD, at 6-7 (citations and footnote omitted)).  Defendant reiterates

17  that this finding was adopted by the assigned district judge and that plaintiff's first lawsuit was

18  dismissed with prejudice.  Defendant also notes that plaintiff did not oppose defendant's

19  arguments regarding the identity of claims between this action and plaintiff's first lawsuit, and

20  the privity between the parties in the two actions.

21  III.  Analysis

22           As an initial matter, the court grants defendant's request for judicial notice of this

23  court's own records.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89

24  (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC

25  Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court

26  may take judicial notice of matters of public record outside the pleadings).

                                          7

1    The doctrine of res judicata governs "[t]he preclusive effects of former litigation."

2    Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist.

3    Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984)).  "Res judicata applies when 'the earlier suit . . . (1)

4    involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the

5    merits, and (3) involved identical parties or privies.'"  Mpoyo v. Litton ElectroOptical Systems,

6    430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir.

7    2002)).

8    In order to determine whether two suits involve the same claim or cause of action,

9    the court considers four criteria:  "(1) whether the two suits arise out of the same transactional

10   nucleus of facts; (2) whether rights or interests established in the prior judgment would be

11   destroyed or impaired by prosecution of the second action; (3) whether the two suits involve

12   infringement of the same right; and (4) whether substantially the same evidence is presented in

13   the two actions."  Mpoyo, 430 F.3d at 987 (citing Chao v. A-One Med. Servs., Inc., 346 F.3d

14   908, 921 (9th Cir. 2003)).

15   The phrase "final judgment on the merits" is often used interchangeably with

16   "dismissal with prejudice."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (noting

17   that "with prejudice" is an acceptable shorthand for adjudication on the merits); Classic Auto

18   Refinishing, Inc. v. Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that

19   a dismissal with prejudice bars any further action between the parties on the issues subtended by

20   the case.").  If the judgment in the earlier suit stated that the action was dismissed and did not

21   specify whether the suit was dismissed with or without prejudice, the dismissal should be

22   interpreted as an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b),

23   unless one of the listed exceptions applies.[2]  Stewart., 297 F.3d at 956.

24

25   [2] Unless the court's dismissal order states otherwise, a dismissal operates as an adjudication on the merits except when the dismissal is for lack of jurisdiction, improper venue,
26   or failure to join a party under Rule 19.  Fed. R. Civ. P. 41(b).

1    Here, plaintiff's complaint in this latest case alleges a single cause of action:
2  Plumas County has maintained a practice and policy of violating his constitutional rights since
3  2000 and will continue to violate plaintiff's constitutional rights pursuant to that policy.  (Compl.
4  (Doc. No. 1) at 1.)  Plaintiff's claim arises out of Plumas County case number 00-26978, a
5  criminal prosecution of plaintiff that resulted in his conviction.  Plaintiff seeks in excess of $6
6  million as damages for a wrongful conviction alleged to have involved violations of nine
7  constitutional rights, followed by wrongful imprisonment and ongoing violations of due process
8  in response to complaints and petitions filed by plaintiff thereafter.  In opposition to defendant's
9  motion to dismiss, plaintiff contends in conclusory fashion that "the issues of law and fact
10 presented in this action have not been decided."

11   Plaintiff is mistaken.  Various pleadings filed in plaintiff's first lawsuit seeking
12 damages from Plumas County and other defendants included the allegation that Plumas County
13 had a de facto practice or policy of condoning constitutional violations.  (Pl.'s Second Amended
14 Compl. filed June 9, 2005, in case No. 2:04-cv-01888 GEB DAD PS (Doc. No. 58) at 3 & 26.)
15 In an order granting defendants' motion to dismiss and granting plaintiff leave to amend, the
16 undersigned advised plaintiff of the requirements for alleging a claim of municipal liability
17 arising from any Plumas County policy or practice.  (Order filed June 30, 2005, in case No. 2:04-
18 cv-01888 GEB DAD PS (Doc. No. 61) at 6-7.)   Plaintiff failed to cure the defects of his
19 municipal liability claim, and that failure was one of the grounds relied upon by the undersigned
20 in recommending that plaintiff's claims against Plumas County in that action be dismissed
21 without leave to amend.  (See excerpt from Findings and Recommendations filed October 24,
22 2005 (Doc. No. 82), quoted above from Defendant's Reply to Opposition.)  All of the claims
23 alleged in plaintiff's 2004 case filed in this court were dismissed without further leave to amend,
24 and the entire case was dismissed.

25   Applying the criteria described in Mpoyo, the court finds that plaintiff's current
26 suit involves the same municipal liability claim or cause of action that plaintiff alleged in the suit

1  he filed in 2004.  This is so because (1) both suits arise out of the same transactional nucleus of

2  facts; (2) rights or interests established in the prior judgment would be destroyed or impaired by

3  prosecution of this new action; (3) the two suits involve infringement of the same right; and (4)

4  substantially the same evidence would be presented in this action.  Res judicata applies because

5  the earlier suit involved the same claim or cause of action as the new suit, a judgment on the

6  merits was reached in the earlier suit, and both suits involve Plumas County.  Accordingly,

7  plaintiff's complaint in this case is barred by the doctrine of res judicata and should therefore be

8  dismissed with prejudice.

9          The undersigned has carefully considered whether plaintiff may amend his

10  complaint to eliminate the res judicata effect.  "Valid reasons for denying leave to amend include

11  undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

12  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm.

13  Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while

14  leave to amend shall be freely given, the court does not have to allow futile amendments).

15  "Under res judicata, a final judgment on the merits of an action precludes the parties or their

16  privies from relitigating issues that were or could have been raised in that action."  Allen v.

17  McCurry, 449 U.S. 90, 94 (1980).  The preclusion that results from application of the doctrine of

18  res judicata, renders it futile to grant plaintiff leave to amend.  Accordingly, the undersigned will

19  recommend that this action be dismissed with prejudice.

20          DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

21          The Ninth Circuit has acknowledged the "inherent power of federal courts to

22  regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

23  appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990)

24  (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an

25  order requiring a litigant to seek permission from the court prior to filing any future suits).  See

26  also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

1       Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the

2    California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a

3    procedural rule of this Court on the basis of which the Court may order the giving of security,

4    bond, or undertaking, although the power of the court shall not be limited thereby."  California

5    Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious

6    litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious

7    motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely

8    intended to cause unnecessary delay."  Cal. Code Civ. Proc. § 391(b)(3).  Under subsection (b)(4)

9    a vexatious litigant is also a person acting in propria persona who has previously been declared to

10   be a vexatious litigant by a state court in any action based upon substantially similar facts,

11   transaction, or occurrence.

12      Pre-filing review orders, in which a complainant is required to obtain approval

13   from a United States Magistrate or District Judge prior to filing a complaint, can appropriately be

14   imposed in certain circumstances but "should rarely be filed."  DeLong v. Hennessey, 912 F.2d

15   1144, 1147 (9th Cir.1990).  See also Molski, 500 F.3d at 1057.  The court in DeLong articulated

16   that the following four conditions must be met before the court enters a pre-filing review order:

17   (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an

18   adequate record for review, listing the pleadings that led the court to conclude that a vexatious

19   litigant order was warranted; (3) the court must make substantive findings as to the frivolous or

20   harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  Id. at

21   1147-48.  See also Molski, 500 F.3d at 1057-58.

22      The court's records reflect that plaintiff has now filed four federal civil actions

23   arising from the same events and involving at least some of the same claims and same parties.

24   Plaintiff's conduct is, at the very least, bordering on vexatious.  However, given the lack of prior

25   notice and plaintiff's pro se status, the court declines to recommend that a vexatious litigant order

26   be entered at this time.  Plaintiff is now cautioned, however, that the filing of an additional action

1   against Plumas County or a Plumas County official or employee arising from the facts and

2   circumstances of the criminal proceedings against plaintiff in Plumas County may result in an

3   order declaring him to be vexatious litigant and subjecting him to pre-filing limitations in the

4   future.

5                                                    CONCLUSION

6          For the reasons set forth above, IT IS HEREBY ORDERED that defendant's

7   requests for judicial notice are granted; and

8          IT IS RECOMMENDED that:

9          1.  Defendant's motion to dismiss plaintiff's complaint without leave to amend

10  (Doc. No. 9 ) be granted;

11         2.  Defendant's motion to declare plaintiff a vexatious litigant (Doc. No. 10) be

12  denied without prejudice; and

13         3.  Plaintiff's complaint be dismissed with prejudice and this action be closed.

14         These findings and recommendations will be submitted to the United States

15  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

16  fourteen days after being served with these findings and recommendations, any party may file

17  and serve written objections with the court.  A document containing objections should be titled

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

19  shall be filed and served within seven days after the objections are served.  The parties are

20  advised that failure to file objections within the specified time may, under certain circumstances,

21  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

22  Cir. 1991).

23  DATED: September 2, 2011.

24

25  DAD:kw
    Ddad1\orders.pro se\robinson2948.f&r.mtd.mvex

26
                                                    DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE